## Robert Stewart, Plff. in Err., *v.* James McBurney.

The breach of a parol contract regarding remuneration for services is not such fraud as will toll the running of the statute of limitations.

(Decided November 2, 1885.)

Error to the Court of Common Pleas for Butler County to review a judgment for plaintiff. Reversed.

In the year 1864 James McBurney went to reside with Rob-

NOTE.—Fraud will toll the statute of limitations (Stall v. Meek, 70 Pa. 181) ; mut not more ignorance (New Holland Turnp. Co. v. Farmers' Mut. Ins. Co. 144 Pa. 541, 22 Atl. 923) ; nor mistake (Steele v. Steele, 25 Pa. 154; Montgomery's Appeal, 92 Pa. 202, 37 Am. Rep. 670). If the parties stand in a fiduciary capacity the statute begins to run from the discovery of the fraud. But ordinarily it operates from the time of the commission of the fraud unless the debtor has concealed matters and misled the creditor. Morgan v. Tener, 83 Pa. 305; Sankey v. McElevey, 104 Pa. 265, 49 Am. Rep. 575; Hughes v. First Nat. Bank, 110 Pa. 428, 1 Atl. 417; Claghorn's Estate, 181 Pa. 608, 59 Am. St. Rep. 680, 37 Atl. 921; Semple v. Callery, 184 Pa. 95, 39 Atl. 6; Smith v. Blachley, 198 Pa. 173, 53 L. R. A. 849, 47 Atl. 985. In case of constructive fraud the statute runs from the date of the transaction. Morrell v. Trotter, 12 W. N. C. 143.

ert Stewart on his farm in Butler county. From that time to the year 1884, when he was dismissed, he continued to reside with and work for Stewart. Soon after his dismissal he brought this action to recover for his services. The defense was the statute of limitations, which plaintiff sought to meet by allegations of frauds, in that the defendant had promised to deed him a farm in compensation, and had not done so. Verdict and judgment having passed in plaintiff's favor, the defendant brought error.

*W. D. Brandon* for plaintiff in error.—Where fraud is relied on as the ground of judicial action it must be distinctly averred. Re Kensington & O. Turnp. Co. 97 Pa. 260, 273.

Although once doubted, it is now admitted that actual fraud, fraudulent concealment, is an answer to the plea of the statute. Sankey v. McElevey, 104 Pa. 265, 49 Am. Rep. 575; Harrisburg Bank v. Forster, 8 Watts, 18.

But when relied on it must be positively and distinctly averred in the pleadings, especially by replication. Authorities above cited; also Riser v. Snoddy, 7 Ind. 442, 65 Am. Dec. 742, and cases cited.

The mere replication of fraud is not sufficient. It must be proved, and the proof of it must be clear, precise; and the burden is on him who alleges it. Cummins v. Hurlbutt, 92 Pa. 165; Penn Bank v. Frankish, 91 Pa. 339.

The plea of the statute of limitations is no longer an unconscionable plea. Ekel v. Snevily, 3 Watts & S. 272, 38 Am. Dec. 758; Herman v. Rinker, 106 Pa. 123.

It is a very beneficial statute and one of repose. Its object is to put a perpetual seal upon stale controversies, and prohibit their agitation at a period when the usual means of eliciting truth are not at hand, but are removed forever; when right cannot be ascertained and justice must be administered at random. Smith v. Bishop, 9 Vt. 110, 31 Am. Dec. 610; Harrisburg Bank v. Forster, 8 Watts, 12.

Exceptions to its operation are few, and in this state are limited to technical and continuing trusts, and to fraud and concealment that is actual and positive, as opposed to constructive fraud and mere silence. Sankey v. McElevey, 104 Pa. 265, 49 Am. Rep. 575; Ferris v. Henderson, 12 Pa. 53, 51 Am. Dec. 580; Barton v. Dickens, 48 Pa. 518; Campbell v. Boggs, 48 Pa. 524; Bricker v. Lightner, 40 Pa. 199.

Not every fraud removes the bar of the statute, even where the cause of action originates in fraud. Smith v. Bishop, 9 Vt. 110, 31 Am. Dec. 610.

In general, cases of fraud are as much within the statute of limitations as any other. This, however, admits of an exception, as where a fraud has been secretly practised. There the statute will not bar; but it is necessary in such case to aver in the bill that the fraud was not discovered until within six years, and he must show that he could not well have known sooner that he was defrauded. Shelby v. Shelby, Cooke (Tenn.) 179, 5 Am. Dec. 689.

*Lev. McQuistion* and *J. C. Vanderlin,* for defendant in error. —That fraud is a good answer to the plea of the statute of limitations, and that it begins to run from the time of its discovery, cannot be controverted. It is a statute of repose, and cannot be used as a shield to fraud; and, whenever a party is injured by the fraud of another, and it is concealed from him, the statute does not begin to run until he has discovered the fraud. In such cases the injured party may rely upon fraud, in a court of law as in a court of equity. Jones v. Conoway, 4 Yeates, 109; Marsden's Appeal, 102 Pa. 202; Rush v. Barr, 1 Watts, 110; Harrisburg Bank v. Forster, 8 Watts, 12; Wear v. Skinner, 46 Md. 257, 24 Am. Rep. 517.

Justice GREEN, in Marsden's Appeal, 102 Pa. 203, says: "As to the plea of the statute of limitations it was not necessary for the plaintiff to anticipate in his bill that the statute would be pleaded, and to make averments by way of reply to it. When it was set up as a defense he could reply to it by testimony that it could not prevail."

Justice SHARSWOOD says in Lewisburg, C. & S. C. R. Co. v. Stees, 77 Pa. 337: "It is settled that in omission to compel the opposite party to perfect the pleadings beforehand is a tacit agreement to waive matters of form and try the cause on the merits."

It has been held frequently by this court when one does service for another at his request, no matter what his expectations were, assumpsit may well be supported to recover compensation, and it is immaterial whether the promise is made before or after the services. Thompson v. Stevens, 71 Pa. 170; Roberts v. Swift, 1 Yeates, 209, 1 Am. Dec. 295.

OPINION BY MR. JUSTICE GREEN:

This was an action to recover the value of services rendered by the plaintiff during a period of twenty years, to the defendant.

The defendant pleaded payment, set-off, and the statute of limitations. In reply to the plea of the statute the plaintiff gave evidence of declarations of the defendant to the effect that he would give the plaintiff a farm; and contended that, because the farm was not given, the defendant was guilty of such fraud as would prevent the running of the statute.

The court below adopted this view, and told the jury if they believed that the defendant promised the plaintiff to give him a farm for his services, and di not do it, this was a fraud upon the plaintiff, such as would prevent the running of the statute of limitations until after its discovery.

This was a strange misapplication of the doctrine that fraud is a good reply to a plea of the statute.

The evidence of the promise in this case was of the most uncertain and indefinite character. The plaintiff does not say when the promise was made, nor when the farm was to be given, nor what it was to be given for, nor whether it was to be in payment for services either in the past or in the future, nor, if it was to be given in payment for services, at what price it was to be given and taken, nor whether it was promised as a mere gratuity. But if the evidence had been free from all of these objections, and had been precise and definite in all respects, it is impossible to understand how the promise, and its breach, can in any manner be regarded as a fraud. At the best, it was not and could not be anything more than a broken promise. But a mere breach of contract is not a fraud. It is a civil wrong, for which the party injured may recover appropriate damages, but that is all. A refusal to convey a tract of land, after having contracted to do so, is no more a fraud than a refusal to pay a promissory note or a merchant's bill for goods sold and delivered.

There is no element of deception or of imposition in such a situation. Moreover, the plaintiff in this case cannot aver any ignorance, either of the terms of the alleged promise, or of the fact that he had a right of action, whether for the value of his services or for breach of the special promise; and certainly he would know quite as well as the defendant when that right of

action commenced. He does not allege that any concealment in this respect was practised upon him by the defendant.

When he completed six years of service he was certainly competent to demand pay for his services, whether in money or in a farm. As he is presumed to know the law, he then knew that, if he made no demand and brought no suit, the statute would begin to run from that time.

It is not pretended that the defendant ever misinformed him, or withheld any knowledge from him on this subject.

Where, then, is the fraud? There is none, and it was error to hold otherwise. This whole subject was fully reviewed in the case of Sankey v. McElevey, 104 Pa. 265, 49 Am. Rep. 575. We then held that "the relation of debtor and creditor is not one of trust or confidence so as to make it the duty of the debtor to disclose to the creditor the fact or amount of his indebtedness. Mere silence or concealment by the debtor without affirmative misrepresentation will not toll the running of the statute of limitations." Where, however, by actual fraud the debtor keeps his creditor in ignorance of the cause of action, the statute of limitations does not begin to run until the creditor had knowledge, or was put upon inquiry with means of knowledge, that such cause of action had accrued. This is sufficient.

There is no possible view of the evidence in this case which will permit the application of the doctrine that fraud tolls the running of the statute. The assignments of error are all sustained.

Judgment reversed, and *venire de novo* awarded.